IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| GLORIA HERNANDEZ, Pro Se Taxpayer and Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>HERIBERTO MORALES, State Representative; RAMSEY ENGLISH-CANTU, County Judge; ROBERTO RUIZ, County Commissioner; OLGA RAMOS, County Commissioner; ROSSANA RIOS, County Commissioner; RUBEN GARIBAY, Border-Crossing Trucking Businesses; JAIME IRACHETA, County Attorney<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Case No. DR-25-CV-24-AM |

## ORDER

Pending before this Court is the Plaintiff's Application for an Emergency Restraining Order.[1] (ECF No. 1.) The Plaintiff also seeks to conduct discovery under the Texas Rules of Civil Procedure[2]. (*Id.* at 1.) The application is **DENIED**.

### I. Legal Standard

A temporary restraining order ("TRO") is an extraordinary remedy seeking a pause to preserve the status quo for up to fourteen days. Fed. R. Civ. P. 65; *see Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). Given the extraordinary nature of a TRO,

---

[1] The Plaintiff calls her petition an Emergency Restraining Order. This Court will construe it as seeking a Temporary Restraining Order.
[2] It has been well settled that, even in a diversity case, federal courts apply federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Accordingly, any potential future discovery would be conducted under the Federal Rules of Civil Procedure.

the party seeking its entry must meet an exceedingly high standard. The party moving to impose a TRO, like a party seeking a preliminary injunction, must establish:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
> (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and
> (4) that the temporary restraining order will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Importantly, the decision on whether to grant a temporary restraining order "is within the sound discretion of the district court." *Rockwell v. Delaney*, 2019 WL 2745754, at *2 (W.D. Tex. Apr. 16, 2019) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

## II. Analysis

This Court lacks jurisdiction to enter a TRO. "Because Rule 65 confers no jurisdiction, a district court must have both subject matter jurisdiction and personal jurisdiction over the party against whom the injunction runs before it enters a temporary restraining order." *Singer v. Balzorah El*, No. 3:18-CV-02937-M, 2018 WL 6737676, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Enterprise Intern., Inc. v. Corporation Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985)). In the present case, this Court lacks subject matter jurisdiction.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). Importantly, unlike personal jurisdiction, "the issue of subject matter jurisdiction cannot be waived, and federal courts are duty-bound to examine the basis of subject matter jurisdiction at all stages in the proceedings and dismiss if jurisdiction is lacking." *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024) (internal quotations omitted). In

the instant motion, subject matter jurisdiction is deficient as the TRO application raises no grounds for federal jurisdiction.

Federal courts are courts of limited jurisdiction, possessing only the powers granted to them by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, district courts only have original jurisdiction over cases involving diversity of citizenship or a question of federal law. 28 U.S.C. §§ 1331, 1332. The instant TRO application fails to state facts or law which may invoke federal jurisdiction.

Diversity jurisdiction arises when a case involves "complete diversity" of citizenship of the parties in a case. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Complete diversity is only satisfied when all persons on one side of a controversy are citizens of different states than those on the other side. *Id.* Here, the Plaintiff lists each Defendant's address, as well as her own. All parties reside in Eagle Pass, Texas; therefore, complete diversity is lacking.

Federal question jurisdiction is equally lacking as a foundation for this cause of action. Federal question jurisdiction requires a plaintiff to raise a substantial and disputed question of federal law. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). In this case, the TRO request appears to raise no questions of federal law. The most that can be said is that the Plaintiff raises conclusory allegations that the Defendants violated taxpayers' constitutional[3] protections to give input on a land conveyance and/or governance. The claim of nebulous constitutional violations is not enough to present a substantial and actual disputed question of federal law. Accordingly, this Court lacks federal subject matter jurisdiction.

---

[3] The Plaintiff does not point this Court to any constitutional provision or language. Further, the Plaintiff does not specify whether these allegations violate the United States Constitution, the Texas State Constitution or any other provision of federal law. The only citation is to Title 31. This Court is unclear which "Title 31" is being invoked.

3

Lastly, even if the Plaintiff established subject matter jurisdiction, the TRO petition is substantively insufficient to carry its burden. First, the Plaintiff has failed to set forth specific law or facts to demonstrate any likelihood of success on the merits. Second, it is entirely unclear what, if any, irreparable injury the Plaintiff or any other similarly situated taxpayer would endure if the TRO is denied. Finally, the Plaintiff fails to provide an analysis of whether the threatened injury outweighs any potential damage, or how the TRO would serve the public interest. Unsupported factual allegations and bare conclusions that laws or the Constitution, generally, have been violated will not invoke a federal court's jurisdiction.

### III. Conclusion

For the aforementioned reasons, the Plaintiff's Application for an Emergency Restraining Order [ECF No. 1] is **DENIED without prejudice.**

SIGNED and ENTERED on this 11th day of April 2025.

ALIA MOSES
Chief United States District Judge